STATE of Minnesota, Plaintiff,

v.

Dale Lawrence ASTLEFORD, Defendant,

and

WCCO Television and Donald Shelby, Intervenors.

No. 82–709.

Supreme Court of Minnesota.

Aug. 25, 1982.

James P. Cullen, Minneapolis, for defendant.

Warren Spannaus, Atty. Gen., St. Paul, Thomas L. Johnson, County Atty., and John Borg, Asst. County Atty., Minneapolis, for plaintiff.

Oppenheimer, Wolff, Foster, Shepard & Donnelly, Paul R. Hannah and Paula D. Osborn, St. Paul, for intervenors WCCO TV and D. Shelby.

SIMONETT, Justice.

This is a pretrial certified question in a criminal case.

Defendant has been charged in Hennepin County District Court by three separate complaints with promotion of minors to engage in obscene works, criminal sexual conduct in the second degree for having sexual contact with an 11-year-old boy, and criminal sexual conduct in the first and second degree for sexually penetrating and having sexual contact with a 13-year-old boy.

Defendant's counsel moved alternatively for a dismissal of the charges, suppression of the evidence or a change of venue on the ground that outrageous conduct by agents of the state denied him his right to due process. At the omnibus hearing he called and questioned Paul Gerber of the Minnesota Bureau of Criminal Apprehension in an attempt to establish this claim. Gerber's testimony revealed that he had a "very close" professional relationship with Don Shelby, investigative reporter for WCCO Television, and had exchanged information with him in matters relating to sexual abuse of children. He testified further that on the 15th of January he had tipped off Mr. Shelby that defendant's residence and business were to be searched that night, and that as a result Mr. Shelby and a cameraman stood outside the house and filmed police as they went in and out of the house. He also testified that after the search he had let Mr. Shelby examine but not copy some of the evidence seized in the search.

Defendant's counsel also tried to question Mr. Shelby at the omnibus hearing but Shelby claimed the newsman's privilege under the Minnesota free flow of information act, Minn.Stat. § 595.021–.024 (1980).

The district court, after listening to the questions which defense counsel proposed to ask Mr. Shelby, stated that the proposed questions represented "an extraordinary and unusual fishing expedition" that was "almost totally devoid of any relevance and materiality to the question of this defendant's guilt." Although refusing to order Mr. Shelby to answer the questions, he ruled that defendant had established the need for a change of venue. He also agreed to certify certain questions to this court as being important and doubtful, namely:

(1). Whether a Defendant possesses a right under the 5th, 6th and 14th Amendments to the United States Constitution to make a full and complete evidentiary record in support of alternative Motions for Dismissal and Suppression filed on the basis of police misconduct. This question presents the following subsidiary issues:

a. Whether a news investigator-broadcaster who possesses facts and information germane or material to the Defendant's claim of police misconduct may be compelled to testify at a hearing on the Defendant's Motions for Dismissal and Suppression over an objection that his testimony lacks relevance or would otherwise violate Minn.Stat. 595.021 the "Minnesota Free Flow of Information Act".

b. Whether a Trial Court can rule as a matter of law that there is no testimony or evidence which a news investigator-broadcaster might furnish in reponse to a Defendant's voir dire which would empower or justify the Trial Court in imposing the sanction of dismissal or the less severe sanction of suppression of evidence.

(2). Whether a Defendant possesses a right under the 5th, 6th and 14th Amendments to the United States Constitution to inquire into the relationship existing between police investigators and lay persons, such as a reporter, who are jointly involved in the criminal investigation of said Defendant. This question presents the following subsidiary issues:

a. Assuming that it is established that an investigative reporter's conduct and

involvement in a criminal case is intimate and close to that of the police, could said reporter be considered a *de facto* deputy or agent of the state.

(i). If so, could his pre-Trial conduct ever furnish the legal basis for dismissal and suppression motions by a Defendant affected by said conduct.

(ii). If so, is said *de facto* deputy or agent of the state subject to an order of the Trial Court requiring compliance with Rule 9 of the Minnesota Rules of Criminal Procedure and *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963) over an objection that such information is protected by Minn.Stat. 595.021.

Defendant has filed a brief on appeal, as has WCCO Television. The state submitted a letter stating that it takes no position on the issue.

Defendant is seeking the extraordinary relief of outright dismissal of the charges or suppression of the evidence on the ground that Mr. Gerber intentionally leaked information to Mr. Shelby concerning the searches in the hope of prejudicing defendant's right to a fair trial. Whether or not Mr. Gerber acted improperly, an issue we need not decide, we do not believe that a dismissal of the charges or suppression of the evidence seized in the searches would be an appropriate remedy. The appropriate focus of our inquiry is whether or not defendant will receive a fair trial. The district court's order granting defendant a change of venue is the first step in ensuring defendant a fair trial in which the jurors are untainted by the pretrial publicity. Further steps can be taken by the trial judge, including extensive questioning of prospective jurors at *voir dire* and sequestration of the jurors during the trial if needed.

We do not mean to suggest that no set of facts can be imagined which would require dismissal without a showing of prejudice. However, we conclude that defense counsel did not make a sufficient preliminary showing of relevance and materiality to justify the proposed questioning of Mr. Shelby.

Satisfied that the district court's handling of the issue will protect defendant's right to a fair trial, we decline the invitation to address in detail the issues posed by the certified questions.

Remanded for trial.